### SNYDER, Respondent, *v.* KIRTLEY, Appellant.

1. *Contract—Contribution.*—Where one of two co-contractors sues for contribution, he is only entitled to recover the moiety of the loss actually sustained.
2. *Contract—Payment.*—Although A. promise in writing to pay B. the debt due him by C., that does not release C. from his liability to B., unless B. assent to discharge C. in consideration of A.'s promise.

*Appeal from the Buchanan Court of Common Pleas.*

The facts are stated in the opinion.

The court gave the following instructions for plaintiff:

1. [See opinion.]

2. That the promise of the church, or any committee of the church, to pay the amount, is not sufficient to discharge the defendant from his liability to the plaintiff, unless the same was reduced to writing, or some memorandum thereof made by the persons promising to pay, and signed by them or him.

3. That if the jury find for the plaintiff, they will find one half of the note less the sum actually paid to plaintiff in discharge of the same by the defendant or by the church.

Defendant asked the following instructions, the 1st and 3d of which were refused, and the 2d given:

1. If they believe from the testimony that after the note mentioned in plaintiff's petition was paid off by him, he presented an account to the church showing the amount of money received and paid out by him, an amount paid by him for the church, and that the amount paid in discharge of this note formed one item of said account, and that there was a settle-

ment of said account between Snyder and the church, acting as a body or through a committee appointed for that purpose, and the balance due Snyder adjusted and agreed to, and the church agreed with Snyder to pay him, then they will find for defendant.

2. Any amount which defendant may have owed on his subscription to the church cannot be recovered in this suit.

3. If upon settlement with the said church, or its committee thereto authorized, said church agreed to pay the balance due to plaintiff, and he accepted said church as his debtor, this note being an item of said account, then the jury will find for defendant.

*W. Jones*, for appellant.

The appellant insists upon the following points. The first instruction given for the respondent was clearly erroneous for the reason that it took the whole case made by the pleadings and evidence from the jury. (Clark v. Hammerle, 27 Mo. 55.) If this instruction be correct, then there was no necessity for a trial. The appellant does not in answer assert that either he or the church had paid the money to Snyder, nor does he undertake to show by testimony that it has been ; says that some portion of the money due Snyder was paid by some member of the church, and establishes the fact by proof.

*S. Ensworth*, for respondent.

BAY, Judge, delivered the opinion of the court

The petition in this case alleges that the plaintiff and defendant executed their joint promissory note, dated July 27, 1860, whereby they promised to pay, ninety days after date, to A. Holmes or order, the sum of $222.33, for value received, negotiable and payable without defalcation or discount ; that said note was given on account of the joint indebtedness of the parties, each being liable to pay one half thereof, and that, about the time of its maturity, plaintiff, in the absence of defendant, paid off and discharged said note in

full, and defendant promised to pay plaintiff one half thereof with interest, &c.

The answer contains much matter that is redundant and superfluous, and which may be regarded as surplusage; it however denies that the consideration of the note was the joint indebtedness of plaintiff and defendant, and charges that it was given for lumber purchased for and on account of Rock-house Prairie Church, in Buchanan county. That plaintiff, defendant, and one Edward Miller, were appointed at a meeting of the members of said church, a building committee, whose duty it was to provide materials and cause a house to be erected as a place of public worship, and that the same was to be paid for by subscriptions, &c. That in pursuance of said duty, said plaintiff and defendant purchased said lumber and gave said note therefor, having full faith in the ability of the church to pay the same, and with the understanding that the same would be paid out of funds raised by subscriptions as aforesaid. That said plaintiff was appointed by said committee treasurer, and received subscriptions, paid off debts, &c.; and out of said subscriptions paid the note in question, and afterwards, at a meeting of the members of said church, presented a demand in which he claimed a balance of one hundred dollars, among the items of which demand is the note sued on, and that said church acknowledged said indebtedness and agreed and promised to pay the same, and that plaintiff accepted such church as his debtor. The answer further states that plaintiff had in his hands an amount belonging to said church sufficient to pay the amount of said note, and out of the same he did pay, or reimbursed himself for the amount of said note.

The evidence given upon the trial was somewhat conflicting and far from being distinct in reference to the facts; but they tended to prove that after the payment of the note by plaintiff, he had a settlement with the church in which he claimed as a balance due him an amount much less than the note. Whether or not the note was included in the settlement is left in doubt by the conflicting testimony of the

witnesses. The testimony also tended to show that he received funds from the church or its agents, which he applied to said indebtedness. Among others, a witness by the name of Wright paid him from $15 to $25 on account of said church.

The court, at the instance of plaintiff, gave three instructions, the first of which is as follows :

1. The court instructs the jury that they will find for the plaintiff one half the note sued on, unless they believe from the evidence that the same has been paid to, or refunded to, plaintiff by the Rock-house Prairie Church or defendant.

This instruction is manifestly erroneous, for it confines the jury in their finding to a particular sum, thereby excluding from their consideration all credits or partial payments. Suppose the church has reduced its indebtedness to plaintiff, including the note, to $100 ; certainly the plaintiff could have no cause of action against the defendant exceeding the sum of $50, with interest. But even in that case the instruction would require the jury to find an amount not less than one half of the face of the note.

The second and third instructions were also erroneous ; but the defendant cannot complain of them, as the error enured to his benefit. The second assumes that if the church promised in writing to pay the debt due plaintiff, that such promise operated to discharge the defendant. This is not the law. The assent of the plaintiff to such discharge must also be shown. The third is erroneous because it does not present the true measure of damages. If any payment was made upon the note, the defendant is only entitled to the benefit of one half thereof, instead of the entire amount of such payment. The objection which has been shown to plaintiff's second instruction, applies with equal force to the first and third instructions of defendant, and the court very properly refused to give them.

For the error, therefore, in the first of plaintiff's instructions, the judgment will be reversed and the cause remanded; Judge Dryden concurring.